IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

DAMEION TIMIAH SPEARS,      :
        :
     Petitioner,      :
        :
v.         :      CIVIL ACTION NO.: CV613-080
        :
STATE OF GEORGIA,      :
        :
     Respondent.      :

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Dameion Timiah Spears ("Spears"), an inmate at Augusta State Medical Prison in Grovetown, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction and sentence. Respondent filed a Motion to Dismiss. Spears failed to file a Response. For the reasons which follow, Respondent's Motion should be **GRANTED**, and Spears' petition should be **DISMISSED**.

## STATEMENT OF THE CASE

Spears was convicted, after a jury trial, of malice murder in the Emanuel County Superior Court on April 11, 2006, and was sentenced to life imprisonment. Spears filed a motion for new trial on May 2, 2006, which was denied on September 4, 2008. See Spears v. Danforth, No. CV612-108, 2013 WL 1701736, at *1 (S.D. Ga. Feb. 27, 2013). He filed a direct appeal with the Supreme Court of Georgia on October 15, 2008, which affirmed the trial court's judgment on January 12, 2009. Spears v. State, 284 Ga. 817

(2009). Spears filed an application for petition for writ of habeas corpus in the Superior Court of Telfair County on May 27, 2008, which was denied by order dated January 19, 2011, and filed January 25, 2011. See Danforth, 2013 WL 1701736, at *1. Spears filed a motion to withdraw his application to appeal the denial on June 11, 2011. Id. The Supreme Court of Georgia granted this motion, dismissing his application on January 9, 2012. Id.

On March 2, 2009, and October 3, 2011, Spears filed petitions for habeas relief, pursuant to 28 U.S.C. § 2254, which this Court dismissed because Spears failed to exhaust his available state remedies before filing those federal habeas corpus petitions. Spears v. Burnette, No. CV609-012, 2009 WL 4781901 (S.D. Ga. Dec. 10, 2009); Spears v. Frazier, No. CV611-116, 2012 WL 414829 (S.D. Ga. Feb. 8, 2012). On August 8, 2011, Spears filed a § 2254 petition, which was dismissed for failure to respond to the deficiency notice. (6:11-cv-00093, S.D. Ga., Doc. 3). Spears filed a § 2254 petition on November 19, 2012, which was dismissed as it was not timely filed. Spears v. Danforth, No. CV612-108, 2013 WL 1701734 (S.D. Ga. April 18, 2013).

In this petition, filed August 30, 2013, Spears contends that: the evidence presented in his trial was insufficient to warrant a conviction; the evidence was obtained pursuant to an unlawful arrest; his privilege against self-incrimination was violated; and he received ineffective assistance of counsel. Respondent asserts that Spears' petition should be dismissed for lack of jurisdiction and that transferring the petition is not required because it is untimely.

AO 72A
(Rev. 8/82)

## DISCUSSION AND CITATION TO AUTHORITY

"The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) established a stringent set of procedures that a prisoner 'in custody pursuant to the judgment of a State court[ ]' [ ] must follow if he wishes to file a 'second or successive' habeas corpus application challenging that custody." Burton v. Stewart, 549 U.S. 147, 152 (2007) (quoting 28 U.S.C. §§ 2254, 2244). A dismissal with prejudice of a prior petition makes any subsequent petition second or successive. Guenther v. Holt, 173 F.3d 1328, 1329 (11th Cir. 1999). "Before a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); see also Morales v. Fla. Dep't of Corr., 346 F. App'x 539, 540 (11th Cir. 2009) (citation omitted) ("In order to file a second or successive § 2254 petition, the petitioner must first obtain an order from the court of appeals authorizing the district court to consider it.). "A district court lacks jurisdiction to consider a second habeas petition that has not been permitted by an appellate court." Scott v. Fla. Dep't of Corr., 307 F. App'x 347, 349 (11th Cir. 2009) (citation omitted); see also Morales, 346 F. App'x at 540 (citation omitted) ("Absent authorization, the district court lacks jurisdiction to consider a second or successive petition."). "A three-judge panel of the court of appeals may authorize the filing of the second or successive application only if it presents a claim not previously raised that satisfies one of the two grounds articulated in § 2244(b)(2)." Burton, 549 U.S. at 153.

Because Spears' November 19, 2012, petition was dismissed with prejudice, the instant petition is second or successive within the meaning of § 2244(b). As Spears has

AO 72A
(Rev. 8/82)

not applied to the Eleventh Circuit Court of Appeals for permission to file a second habeas petition, there is no order authorizing this Court to consider his petition. Therefore, Spears' petition is barred under the gatekeeping provision of 28 U.S.C. § 2244(b)(3)(A) and this Court lacks jurisdiction to consider Spears' request for relief.

"If applicable, [28 U.S.C.] § 1631 authorizes a transfer [to the court of appeals] that 'is in the interest of justice.'" Guenther v. Holt, 173 F.3d 1328, 1330-31 (11th Cir. 1999). However, a transfer may not be authorized in certain instances, as set forth in 28 U.S.C. § 2244(b). This section provides:

(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application *shall* be dismissed.

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application *shall* be dismissed *unless*—

   (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

   (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

   (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b) (emphases added).

A transfer is not in the interest of justice, as Spears' second or successive petition is not authorized pursuant to § 2244(b). In Spears' prior petition, he asserted that: his conviction was obtained in violation of his privilege against self-incrimination; his conviction was obtained as a result of an unlawful arrest; and he received ineffective

AO 72A
(Rev. 8/82)

assistance of counsel. Spears sets forth these same claims in the instant petition, which would be dismissed pursuant to § 2244(b)(1). Spears' remaining claims would be dismissed because he failed to show that either requirement under § 2244(b)(2) is satisfied.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss be **GRANTED**. It is also my **RECOMMENDATION** that Spears' petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this _20th_ day of February, 2014.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)